IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GALDERMA LABORATORIES L.P., GALDERMA S.A., and NESTLÉ SKIN HEALTH S.A., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. _____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs GALDERMA LABORATORIES, L.P., GALDERMA S.A., and NESTLÉ SKIN HEALTH S.A. (collectively, "Galderma" or "Plaintiffs") file this Complaint for patent infringement against Defendant TEVA PHARMACEUTICALS USA, INC. ("Teva USA" or "Defendant").

## PARTIES

1. Galderma Laboratories, L.P. ("GLP") is a Texas limited partnership with its principal place of business at 14501 North Freeway, Fort Worth, Texas 76177. GLP holds the exclusive right to use, manufacture, and sell Galderma's patented products in the United States, including Soolantra® (ivermectin) Cream 1%, under FDA approval of New Drug Application ("NDA") No. 206255, approved December 19, 2014. Moreover, GLP is responsible for seeking regulatory approvals of Galderma's products in the United States and is the sole owner of NDA No. 206255.

2. Galderma S.A. ("GSA") is a Swiss company with its principal place of business at Avenue Gratta-Paille 2, CH-1018 Lausanne, Switzerland. GSA is an exclusive licensee of U.S.

Patent No. 10,206,939 (the "'939 Patent"). GSA has granted GLP exclusive rights under the '939 Patent to GLP.

3. Nestlé Skin Health S.A. ("Nestle") is a Swiss company with its principal place of business at Avenue Gratta-Paille 2, CH-1018 Lausanne, Switzerland. Nestle is the owner of the '939 Patent. A copy of the '939 Patent is attached as Exhibit A.

4. Soolantra® (ivermectin) Cream, 1% is indicated for the treatment of inflammatory lesions of rosacea.

5. Teva USA is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454. Teva USA may be served with process by and through its registered agent for service of process, Corporate Creations Network Inc., at 3411 Silverside Road, #104 Tatnall Building, Wilmington, Delaware 19810.

6. Galderma and Teva USA are parties to a related action pending in this District, *Galderma Labs., L.P., et al. v. Teva Pharm. USA, Inc.*, C.A. No. 1:17-cv-01783-RGA (D. Del.) ("the *Galderma I* Action"). The *Galderma I* Action concerns, among other things, Galderma's assertion that Teva USA has infringed U.S. Patent No. 9,089,587 (the "'587 Patent"), U.S. Patent No. 9,233,117 (the "'117 Patent"), and U.S. Patent No. 9,233,118 (the "'118 Patent") (collectively, the "Related Asserted Patents") through Teva USA's submission of Abbreviated New Drug Application ANDA No. 210019 (the "ANDA") to the U.S. Food and Drug Administration ("FDA") covering a generic version of (ivermectin) cream 1% (the "Accused Product") for which Teva USA seeks approval prior to the expiration of the Related Asserted Patents. *See generally* D.I. 69, C.A. No. 1:17-cv-01783-RGA.

7.     As set forth below, Galderma brings the instant action regarding Teva USA's infringement of the '939 Patent arising from the same infringing acts by Teva USA as asserted in the *Galderma I* Action pending before this Court.

## JURISDICTION

8.     This is a complaint for patent infringement.  This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.  This Court has jurisdiction over the subject matter of the claims asserted pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     This Court has personal jurisdiction over Teva USA because Teva USA is a Delaware corporation.

10.     This Court also has personal jurisdiction over Teva USA because it (1) filed the ANDA for the purpose of manufacturing, importing, offering for sale, selling, and distributing the accused infringing product throughout the United States, including this district; (2) has substantial, continuous, and systematic contacts within this district; (3) maintains a broad distribution network within this district; and (4) enjoys substantial income from sales of generic pharmaceutical products in this district.

11.     Teva USA submitted the ANDA (an act of infringement under 35 U.S.C. § 271(e)(2)) for the Accused Product with knowledge that Galderma would be injured by such acts.  Teva USA intends to market and sell the infringing product in or for distribution in this district upon approval by the FDA before the expiration of the Related Asserted Patents and the '939 Patent, with the reasonable expectation, knowledge and intent that such product will be purchased and used by consumers in this district.  Teva USA has thus purposefully targeted its conduct to cause harm in the State of Delaware, and in this district.

12.     This Court also has personal jurisdiction over Teva USA because Teva USA previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in the related *Galderma I* Action pending before this Court.  *See generally* D.I. 70, C.A. No. 1:17-cv-01783-RGA.

## VENUE

13.     Venue in this Court is proper under 28 U.S.C. § 1400(b) because Teva USA is a Delaware corporation.

## THE '939 PATENT

14.     On February 19, 2019, the USPTO issued the '939 Patent, entitled "Treatment of Papulopustular Rosacea with Ivermectin," to GSA.  The '939 Patent is from the same patent family as the Related Asserted Patents and also shares the same inventors.

15.     Nestle is the current owner of the '939 Patent.

16.     The '939 Patent is valid, enforceable, and has not expired.

## GALDERMA'S NDA AND THE *GALDERMA I* ACTION

**A.     Soolantra® (Ivermectin) Cream, 1%**

17.     GLP is the exclusive owner of NDA No. 206255, giving it sole permission to market and sell Soolantra® (ivermectin) Cream, 1% in the United States.  On December 19, 2014, GLP obtained FDA approval to market Soolantra® (ivermectin) Cream, 1%.   The '587 Patent, '117 Patent, and '118 Patent are listed in the FDA "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") as covering Soolantra® (ivermectin) Cream, 1%.

**B.   Teva USA's Infringement**

18.    Teva USA filed ANDA No. 210019 on December 30, 2016.

19.    On or about March 10, 2017, Teva USA sent the Paragraph IV Certification to GLP and GSA.  Through the Paragraph IV Certification, Teva USA first notified Plaintiffs that Teva USA had filed the ANDA with the FDA relating to the Accused Product, and that the ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in Teva USA's opinion as of March 10, 2017, the claims of the Related Asserted Patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, sale, or importation of the Accused Product, among other allegations.

20.    Teva USA was aware of at least the Related Asserted Patents when it filed the ANDA and sent the Paragraph IV Certification.

21.    Galderma commenced the *Galderma I* Action on April 21, 2017 in the Northern District of Texas, which was ultimately transferred to this District on December 11, 2017.  *See* D.I. 1 & 63, C.A. No. 1:17-cv-01783-RGA.  Galderma filed an Amended Complaint on November 17, 2017 and a Second Amended Complaint on December 28, 2017.  *See* D.I. 59 & 69, C.A. No. 1:17-cv-01783-RGA.  Teva USA filed its answer to Galderma's Second Amended Complaint in this District on January 5, 2018, in which it asserted counterclaims for non-infringement and invalidity of the Related Asserted Patents.  *See* D.I. 70, C.A. No. 1:17-cv-01783-RGA.  A three-day bench trial is scheduled to begin on May 28, 2019.  *See* D.I. 78, C.A. No. 1:17-cv-01783-RGA.

22.    The Accused Product that is the subject of the ANDA will directly and indirectly infringe one or more claims of the '939 Patent, either literally or under the doctrine of equivalents.  Teva USA intends to continue seeking approval of the ANDA from the FDA and,

Case 1:19-cv-00351-RGA    Document 1    Filed 02/19/19    Page 6 of 10 PageID #: 6

in the event that the FDA approves the ANDA, to engage in the commercial manufacture, marketing, and sale of the Accused Product (including commercial marketing and sale of the Accused Product in the State of Delaware and this district) prior to the expiration of the Related Asserted Patents and the newly-issued '939 Patent.

**TEVA USA'S INFRINGEMENT OF THE '939 PATENT**

23. Galderma incorporates paragraphs 1 through 22 above by reference as if fully set forth herein.

24. The '939 Patent is valid, enforceable, and has not expired.

25. By seeking approval of the ANDA to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of Teva's Accused Product prior to the expiration of the '939 Patent, Teva USA has infringed the '939 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

26. The Accused Product and/or its use as directed infringes one or more of the claims of the '939 Patent, including at least claim 1, either literally or under the doctrine of equivalents. As such, under 35 U.S.C. § 271(e)(2)(A), Teva USA infringed the '939 Patent by submitting the ANDA seeking permission to commercially manufacture, use, or sell the Accused Product prior to the expiration of the '939 Patent.

27. Teva USA will induce infringement of one or more claims of the '939 Patent—in violation of Plaintiffs' patent rights—if the FDA approves the sale of the Accused Product with instructions and labeling that will result in direct infringement of one or more claims of the '939 Patent, including at least claim 1, by users of the Accused Product.

28. Teva USA seeks approval of at least one indication for the Accused Product that is claimed in the '939 Patent.

- 6 -

29.     Teva USA intends that physicians will prescribe, and patients will use, the Accused Product in accordance with the indication(s) sought by Teva USA and will therefore infringe one or more claims of the '939 Patent under 35 U.S.C. § 271(b).

30.     In addition, pursuant to the Drug Price Competition and Patent Term Restoration Act, 21 U.S.C. § 355 *et seq.*, Teva USA's ANDA must include information showing that the Accused Product (1) contains the same active ingredients as Soolantra® (ivermectin) Cream, 1% [21 U.S.C. § 355(j)(2)(A)(II)]; (2) has the same route of administration, dosage form, and strength as Soolantra® (ivermectin) Cream, 1% [21 U.S.C. § 355(j)(2)(A)(iii)]; and (3) is bioequivalent and/or has the same therapeutic effect as Soolantra® (ivermectin) Cream, 1% [21 U.S.C. § 355(j)(2)(A)(iv)].

31.     As such, under 35 U.S.C. § 271(e)(2)(A), Teva USA has infringed the '939 Patent by submitting the ANDA seeking permission to commercially manufacture, use, or sell the Accused Product prior to the expiration of the '939 Patent.

32.     As a result of Teva USA's infringement, Plaintiffs are entitled to a declaration that the Accused Product infringes the '939 Patent if made, used as directed, sold, offered for sale, or imported during the term of the '939 Patent.

33.     Plaintiffs will be substantially and irreparably harmed by Teva USA's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

34.     As a result of Teva USA's infringement, Plaintiffs are entitled to permanent injunctive relief, restraining and enjoining Teva USA and all those in privity or acting in concert with Teva USA from manufacturing, selling, offering to sell, or importing the Accused Product

during the term of the '939 Patent, or from otherwise infringing or inducing the infringement of the '939 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

(A)   A declaration that Teva USA's commercial manufacture, use, offer for sale, or sale in, or importation into the United States of the Accused Product prior to the date of the expiration of the '939 Patent, including any patent extensions and any additional periods of exclusivity, would constitute infringement of the '939 Patent in violation of Plaintiffs' patent rights;

(B)   A declaration, pursuant to 35 U.S.C. § 271(e)(2)(A), that Teva USA has infringed the '939 Patent by submitting the ANDA to the FDA to obtain approval to commercially manufacture, use, offer for sale, sell in, or import into the United States the Accused Product prior to the expiration of the '939 Patent, including any patent extensions and any additional periods of exclusivity, and that the Accused Product infringes the '939 Patent;

(C)   An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval of the Accused Product described in the ANDA is not to be earlier than the date of the expiration of the '939 Patent, including any patent extensions and any additional periods of exclusivity;

(D)   A permanent injunction, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and (D), and 35 U.S.C. § 283, enjoining Teva USA and its officers, agents, servants, employees, privies, and others acting for, on behalf of, or in concert with any of them, from commercially manufacturing, using, selling, or offering to sell the Accused Product within the United States; importing the Accused Product into the United States; or otherwise infringing or inducing the

infringement of the '939 Patent, prior to the date of the expiration of the '939 Patent, including any patent extensions and any additional periods of exclusivity;

(E)    An award to Plaintiffs, pursuant to 35 U.S.C. § 271(e)(4)(C), of damages and other monetary relief, as a result of Teva USA's infringement, to the extent there has been any commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of the Accused Product prior to the date of the expiration of the '939 Patent, including any patent extensions and any additional periods of exclusivity; and

(F)    Such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs Galderma*
*Laboratories, L.P., Galderma S.A.,*
*and Nestlé Skin Health S.A.*

OF COUNSEL:

Jamil N. Alibhai
Michael C. Wilson
Daniel E. Venglarik
Kelly P. Chen
Chad J. Ray
Jordan C. Strauss
MUNCK WILSON MANDALA, LLP
600 Banner Place Tower
12770 Coit Road
Dallas, TX 75251
(972) 628-3600

February 19, 2019

- 10 -