IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GALDERMA LABORATORIES, L.P., et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 19-351-RGA |
| TEVA PHARMACEUTICALS USA, INC., | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Plaintiffs filed a motion for leave to file a first amended complaint for patent infringement (D.I. 67), which has been fully briefed. The motion was filed on December 18, 2019, but the scheduling order stated that any such motion had to be filed by August 1, 2019. (D.I. 15 at 1). Plaintiffs acknowledge that, under the circumstances, unless they can show "good cause" – meaning that "the proposed claims could not have been reasonably sought in a timely manner" – the motion should be denied. (D.I. 67 at 4).

Plaintiffs' proposed amended complaint specifies contributory infringement in violation of 35 U.S.C. § 271(c). (D.I. 67, Exh. 2, ¶¶ 30, 35).

Plaintiffs' claim that the motion was brought in a timely manner is based on their assertion that they "ha[ve] diligently asserted indirect infringement since the onset of the case." (*Id.*). That may be true, but the issue is not whether they are asserting "indirect infringement" generally, but whether they are asserting "contributory infringement." It is undisputed that they are asserting "induced infringement," which is also a form of indirect infringement, and that they have done so since day one.

Some of the briefing relates to the parties' sniping at each other earlier in the case about whether contributory infringement was in or out of the case. In the end, the cited materials show the parties disagreed on this point. That the parties disputed the point does not help Plaintiffs in showing diligence.

I looked at the original complaint to see what exactly Plaintiffs had originally pled. It is true that in the introductory paragraphs, later incorporated by reference into the count of infringement, Plaintiffs assert, "The Accused Product . . . will directly and indirectly infringe one or more claims of the '939 Patent, either literally or under the doctrine of equivalents." (D.I. 1, ¶ 22). The specifics of contributory infringement are not present, however. Plaintiffs specify various ANDA provisions that they allege are infringed. (*Id.*, ¶¶ 25-26, 30-31). They also include three paragraphs setting forth induced infringement, including use of the word "induce," and a citation to the statutory basis for induced infringement, 35 U.S.C. § 271(b). (D.I. 1 at ¶¶ 27-29). There are no corresponding paragraphs relating to contributory infringement, no use of the word "contributory" or some variation of it, and no citation to § 271(c). Further, the essential allegations for a contributory infringement claim include allegations to the effect of the accused product is known "to be especially made or especially adapted for use in an infringement" of the asserted patent, and that it is not "a staple article or commodity of commerce suitable for substantial noninfringing use." No such allegations are made in the original complaint, although they are in the proposed amended complaint.

I do not think it could be any clearer that Plaintiffs did not allege contributory infringement in the original complaint. (And I certainly do not think Defendants were under some duty to move to dismiss allegations that were not made.). Further, there is absolutely no

explanation why Plaintiffs could not have sought to amend the complaint at some earlier point than four and one-half months past the deadline for doing so. They were not diligent.

The motion for leave to file first amended complaint (D.I. 67) is DENIED.

IT IS SO ORDERED this 30 day of January 2020.

*/s/ Richard G. Andrews*
United States District Judge